UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LINDA BURKHARDT,

              Plaintiff,

- against -

WILLIAM LINDSAY, Individually, and in his official capacity
as Presiding Officer of the Suffolk County Legislature and
in his personal capacity and as an agent of The County of Suffolk
and as Aider and Abettor, and THE COUNTY OF SUFFOLK,

              Defendants.
------------------------------------------------------------------x

**COMPLAINT**

TRIAL BY JURY
DEMANDED

BIANCO, J.
LINDSAY, M.

Plaintiff, LINDA BURKHARDT, respectfully alleges as follows:

NATURE OF ACTION

1.    This action is commenced for the purpose of seeking redress for the harm done to plaintiff as a result of the defendants' actions in denying, violating and infringing, under color of state law, her right to political association and to equal protection of the laws as guaranteed by the First and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983 and by discriminating against her with respect to her compensation, terms, conditions and privileges of employment because of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et. seq., as amended by the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. §§ 621, 623.

JURISDICTION AND VENUE

2.    This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a) (4) and 29 U.S.C. § 626 (c).

3.    Venue is proper in this district pursuant to 42 U.S.C. § 1132 (e) (2) since it is a

district in which a defendant resides.

## THE PARTIES

4. Plaintiff, LINDA BURKHARDT (hereinafter, referred to as "Plaintiff" or "Ms. BURKHARDT") is a citizen of the United States and of the State of New York and is a resident of the COUNTY of Suffolk.

5. Defendant, THE COUNTY OF SUFFOLK (hereinafter, referred to as "the COUNTY") is a county organized and existing pursuant to the laws of the state of New York and an employer within the meaning of 29 U.S.C. §630 (b).

6. Defendant, WILLIAM LINDSAY, at all times relevant herein, was the Presiding Officer of the Suffolk County Legislature and an employee and agent of the COUNTY within the meaning of 29 U.S.C. § 630 (b).

7. Defendant, WILLIAM LINDSAY, at all relevant times herein, had final authority to set department-wide personnel policies concerning the terms and conditions of Ms. BURKHARDT'S employment, including the actual or apparent authority to terminate her employment, such that any action undertaken with regard to Ms. BURKHARDT'S employment was pursuant to and in accordance with a "policy or custom" of defendant, COUNTY.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR WHICH RELIEF CAN BE GRANTED

8. Ms. BURKHARDT was employed by the COUNTY as a Senior Legislative Aide to the Presiding Officer of the Suffolk County Legislature from 1986 until her employment was terminated on March 1, 2008.

9. Ms. BURKHARDT was born on June 18, 1947 and, accordingly, at all relevant times herein, was over 40 years of age.

10. Throughout her employment with the COUNTY, Ms. BURKHARDT was an

exemplary employee who consistently performed at a level which exceeded the minimal qualifications of her position.

11. On March 1, 2008, Ms. BURKHARDT was subjected to an adverse employment action by the COUNTY; termination of her employment.

12. A candid assessment of the facts surrounding Ms. BURKHARDT's employment with the COUNTY confirms that the termination of her employment; while arguably not directly attributable to her age, was the result of factors which deprived or tended to deprive or otherwise adversely affected her employment because of her age. Moreover, as is demonstrated below, the non-age factors which had a disparate impact on Ms. BURKHARDT's employment; political affiliation and eligibility for a service retirement pension, were not reasonable ones within the meaning of 29 U.S.C. §623 (f) (1).

13. Ms. BURKHARDT was hired by the COUNTY on February 3, 1986 as a Legislative Aide to the Presiding Officer of the Suffolk County Legislature. Throughout her tenure as a Legislative Aide, Ms. BURKHARDT was a politically active Republican at the Town, County and State levels. Among other things, Ms. BURKHARDT served as a Republican County Party Committeewoman for twenty years and also served as an officer of the New York State Federation of Republican Women. She also served as Vice Chair of the Suffolk County Republican Committee. Her open and notorious political activity notwithstanding, Ms. BURKHARDT retained her position as Legislative Aide throughout her tenure with the COUNTY; serving under ten separate Presiding Officers, some of whom were Democrats.

14. Ms. BURKHARDT'S duties as a Legislative Aide consisted of non-policy-making duties such as attending legislative committee meetings and taking notes; assisting the Legislative Aide to a committee on an "as needed" basis; attending meetings as assigned by the

Presiding Officer; drafting the annual legislative calendar and coordinating the calendar with legislators; drafting the annual program for the legislature's organizational meeting; responding to phone calls of constituents seeking information; assisting with the legislature's mail system; creating a data base for the mail system; assisting with the labeling and mailing of legislator's newsletters; drafting ceremonial proclamations and certificates and scheduling their presentation; researching and drafting responses to letters addressed to the Presiding Officer; researching issues as assigned by the Presiding Officer and researching resolutions as assigned by the Presiding Officer.

15. As a Legislative Aide, Ms. Burkhardt did not have authority to sign documents as an officer of the COUNTY, nor did she have authority to sign documents on behalf of the Presiding Officer.

16. At the time of her constructive termination, Ms. BURKHARDT did not perform any policy-making duties nor did she otherwise meet the definition of an "employee' within the meaning of Suffolk County Local Law, § 61-4. Accordingly, she was not required to sign and file a financial disclosure form pursuant to Suffolk County Local Law, § 61-7.

17. On January 9, 2008, defendant, WILLIAM LINDSAY informed Ms. BURKHARDT that he would have to terminate her employment for political reasons. Specifically, defendant, WILLIAM LINDSAY, a Democrat, told Ms. BURKHARDT, in sum and substance, that the recent ascendance of a Republican administration in the Town of Brookhaven had resulted in many Democrats losing government positions. Two days later, an article appeared in Newsday, a Long Island newspaper, in which defendant, WILLIAM LINDSAY admitted that Ms. BURKHARDT and another employee were targeted for termination because of their political affiliation;

> To make room for fired [Brookhaven] town employees, on

> Wednesday Legislative presiding officer William Lindsey, a Democrat from Holbrook, told two legislative aides – Linda Burkhardt, Republican... and Fran Siems, of the Independence Party... to look for work. "I want to make things work, but by the same token we have a lot of qualified Democrats out of work and I feel some obligation to find work for them." Lindsay said in an interview. (Newsday, 1/11/08, p. A2).

18. It is readily apparent from the above-cited remarks of defendant, WILLIAM LINDSAY that the termination of the employment of Ms. Burkhardt and Ms. Siems was undertaken because of their political affiliation; apparently to insure that Democrats who had – until recently – been employed by the Town of Brookhaven could now be hired by the COUNTY. Alternatively, these remarks, when viewed in the context of the remaining allegations set forth herein, demonstrate that, even if there was no intent to hire the displaced Brookhaven Democrats, the terminations of Ms. BURKHARDT and Ms. Siems were undertaken, at the very least, as a form of *quid pro quo* retaliation for the recent termination of Democratic employees in the Town of Brookhaven.

19. As of January 9, 2008 – the date Ms. BURKHARDT and Ms. Siems were informed that there employment would be terminated – they were not the only non-Democrats employed by the COUNTY legislature. What distinguished the two women from their co-employees was that they alone - by virtue of their age and years of service - were eligible for a retirement pension benefit from the New York State and Local Employees Retirement System. As a so-called Tier I member of the Retirement System, Ms. BURKHARDT was required to be at least fifty-five (55) years of age in order to qualify for service retirement. Upon information and belief, Ms. Siems was subject to the same age-based eligibility requirement.

20. As of January 9, 2008, Ms. BURKHARDT and Ms. Siems were sixty (60) and sixty-five (65) years of age respectively, and were otherwise eligible for service retirement.

21. The only reasonable inference to be drawn from the above facts is that defendant,

WILLIAM LINDSAY – having made the initial determination that at least two non-Democratic employees would have to be let go – targeted Ms. BURKHARDT and Ms. Siems because their eligibility for service retirement provided them with less incentive to challenge the legality of their terminations than an ineligible employee who, upon being let go, would be forced to obtain other employment.

22.     Indeed, following her conversation with defendant, WILLIAM LINDSAY of January 9th, Ms. BURKHARDT reasonably concluded that she was being forced to choose between filing for service retirement or being fired. Not surprisingly, Ms. BURKHARDT filed her application for service retirement and was removed from the COUNTY payroll, effective March 1, 2008. Upon information and belief Ms. Siems also left COUNTY employment on or about the same time.

23.     The forced retirement of Ms. BURKHARDT, effective March 1, 2008, constituted a constructive termination of a dedicated COUNTY employee with over twenty years of public service working with presiding officers from both the Democratic and Republican parties.

24.     It is beyond dispute that the decision to target Ms. BURKHARDT's employment because of a combination of her political affiliation and her eligibility for a service retirement; while arguably undertaken without direct reference to Ms. BURKHARDT's age, nonetheless constituted prohibited discrimination since reliance on these factors had a disparate impact on employees within the class protected by the ADEA. Specifically, the decision to terminate only non-Democratic employees who were eligible for service retirement "deprive[d] or tend[ed] to deprive… or otherwise adversely affect [Ms. BURKHARDT]… because of… age" (Smith v. City of Jackson, 544 U.S. 228, 241, 109 S.Ct. 1536, 161 L.Ed.2d 410 (2005).

25.     Moreover, Ms. BURKHARDT's political affiliation and her eligibility for service retirement; whether considered separately or in tandem, did not constitute "reasonable factors other

than age" (29 U.S.C. § 623 (f) (1)) which would render non-actionable, the above-described disparate-impact discrimination otherwise prohibited by the ADEA.

26. Alternatively, the above circumstances demonstrate that the constructive termination of Ms. BURKHARDT's employment constituted prohibited discrimination because of disparate treatment based on her age since "age [was] a trigger for the denial of [her employment]" (Auerbach v. Bd. of Educ. of the Harborfields Cent. Sch. Dist. of Greenlawn, 136 F.3d 104, 110 (2d Cir.1998)).

## THE ADMINISTRATIVE PROCEEDINGS

27. On November 3, 2008 Ms. BURKHARDT filed a Verified Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter, "EEOC") charging defendant, WILLIAM LINDSAY, Individually, and in his capacity as an agent of the COUNTY and as Aider and Abettor, and THE COUNTY OF SUFFOLK with unlawful discriminatory practices relating to employment because of age in violation of the ADEA. Upon information and belief and in accordance with EEOC procedures, a copy of the Charge was mailed to the New York State Division of Human Rights.

28. Upon information and belief, other than maintaining the mailed copy of the Charge in its records, the New York State Division of Human Rights has taken no action of any kind with regard to either the Charge or the matters alleged therein, including, bit not limited to, assigning the matter a case number.

29. At the time the instant action was commenced, more than sixty (60) days had elapsed since the filing of Ms. BURKHARDT'S charge with the EEOC.

## THE APPLICABLE STATUTES AND ADMINISTRATIVE REGULATIONS

30. 28 U.S.C. § 1331 provides United States district courts with original jurisdiction of

all civil actions arising under the Constitution, laws, or treaties of the United States.

31. 28 U.S.C. § 1343 provides United States district courts with original jurisdiction of any civil action authorized by law to be commenced by any person to recover damages or to secure equitable or other relief under any act of congress providing for the protection of civil rights.

32. 28 U.S.C. § 1367 provides that in any civil action of which the United States district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy arising under Article III of the United States Constitution.

33. 42 U.S.C. § 1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress

34. 42 U.S.C. § 1988 provides that in any action or proceeding to enforce a provision of sections…1983… of this title… the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs,

35. 29 U.S.C. § 623 (a) (1) provides that it shall be an unlawful employment practice for an employer to discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment because of such individual's age.

36. 29 U.S.C. § 626 (e) (1) provides that a person aggrieved by a violation of 29 U.S.C. § 623 may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of the statute.

37. 29 U.S.C. § 626 (e) (2) provides that no civil action may be commenced pursuant to this section until sixty (60) days after a charge alleging unlawful discrimination has been filed with the EEOC.

38. 29 U.S.C. § 626 (b) provides that a plaintiff who establishes a willful violation of the ADEA can be awarded liquidated damages in an amount equal to unpaid wages.

39. Suffolk County Local Law § 61-7 provides that each and every employee, except for members of the Suffolk County Pine Barrens Review Commission, members of the Board of Trustees of Parks, Recreation and Conservation and members of the Suffolk County Planning Commission, shall file with the Suffolk County Ethics Commission a financial disclosure statement in the form set forth in § 61-9.

40. Suffolk County Local Law § 61-4 defines "employees" for purposes of § 61-7 as all elected Suffolk County officials; all department heads; chief deputy department heads; assistants to department heads; deputy department heads and all officers and employees, regardless of civil service status, of county departments, boards, commissions, councils, bureaus, agencies, public benefit corporations or public authorities, whether paid or unpaid, *who hold policy-making positions* or who hold positions involving the negotiation, authorization or approval of contracts, leases, franchises, revocable consents or concessions, licenses or special permits; the purchase, sale, rental or lease of real property, goods or services or a contract therefor; the obtaining of grants of money or loans; or the adoption or repeal of any rule or regulation having the force and effect of law; members appointed to the Suffolk County Industrial Development Agency; members appointed to the Suffolk County Water Authority; members appointed to the Suffolk County Pine Barrens Review Commission; members of the Board of Trustees of Parks, Recreation and Conservation; and members of the Suffolk County

Planning Commission (emphasis added).

## AS AND FOR A FIRST CLAIM
## FOR WHICH RELIEF CAN BE GRANTED

41. Plaintiff, repeats and realleges the allegations contained in paragraphs "1" through "40" above, as if fully set forth herein.

42. The conduct of defendant, WILLIAM LINDSAY described above, specifically, constructively terminating Ms. BURKHARDT'S employment because of the perceived need to find employment for former employees of the Town of Brookhaven who were Democrats, in fact, constituted a constructive termination of her employment because of her political association and affiliation and, accordingly, constituted a deprivation of Ms. BURKHARDT'S civil rights, in violation of 42 U.S.C. § 1983. Further, as the presiding Officer of the Suffolk County Legislature employed by defendant, COUNTY OF SUFFOLK, defendant, WILLIAM LINDSAY, at the time he constructively terminated plaintiff's employment, was acting under color of state law.

43. Plaintiff's political association; i.e., her ongoing and notorious association with the Republican Party was a substantial and motivating factor in the decision of defendant, WILLIAM LINDSAY, to constructively terminate her COUNTY employment.

44. At the time plaintiff was constructively terminated, her continued employment in the position of Legislative Aide did not pose a threat to any legitimate interest of the County in maintaining the ability to implement policy by retaining certain individuals of a particular political party in high level, policy-making positions.

45. Based on the above, the actions of the defendants resulting in the constructive termination of plaintiff's employment were undertaken in violation of rights secured to plaintiff, LINDA BURKHARDT by the First and Fourteenth Amendments to the United States Constitution.

46. The actions of defendant, WILLIAM LINDSAY described above give rise to personal liability on his part since they violated clearly established constitutional rights of which a reasonable person would have known.

47. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with the COUNTY, denial of promotions and, ultimately, the termination of her employment and has also suffered embarrassment, humiliation and mental and emotional distress as a consequence of the defendants' actions for which defendant, WILLIAM LINDSAY is liable to plaintiff.

48. Plaintiff, LINDA BURKHARDT demands costs and attorney's fees pursuant to 42. U.S.C. § 1988.

## AS AND FOR A SECOND CLAIM FOR WHICH RELIEF CAN BE GRANTED

49. Plaintiff, repeats and realleges the allegations contained in paragraphs "1" through "48" above, as if fully set forth herein.

50. The conduct of defendant, WILLIAM LINDSAY described above, specifically, constructively terminating Ms. BURKHARDT'S employment in apparent retaliation for the termination, by an incoming Republican administration in the Town of Brookhaven, of a number of employees of the Town of Brookhaven who were Democrats, in fact, constituted a constructive termination of her employment because of her political association and affiliation and, accordingly, constituted a deprivation of Ms. BURKHARDT'S civil rights, in violation of 42 U.S.C. § 1983. Further, as the presiding Officer of the Suffolk County Legislature employed by defendant, COUNTY OF SUFFOLK, defendant, WILLIAM LINDSAY, at the time he constructively terminated plaintiff's employment, was acting under color of state law.

51. Plaintiff's political association; i.e., her ongoing and notorious association with the Republican Party was a substantial and motivating factor in the decision of defendant, WILLIAM LINDSAY, to constructively terminate her COUNTY employment.

52. At the time plaintiff was constructively terminated, her continued employment in the position of Legislative Aide did not pose a threat to any legitimate interest of the County in maintaining the ability to implement policy by retaining certain individuals of a particular political party in high level, policy-making positions.

53. Based on the above, the actions of the defendants resulting in the constructive termination of plaintiff's employment were undertaken in violation of rights secured to plaintiff, LINDA BURKHARDT by the First and Fourteenth Amendments to the United States Constitution.

54. The actions of defendant, WILLIAM LINDSAY described above give rise to personal liability on his part since they violated clearly established constitutional rights of which a reasonable person would have known.

55. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with the COUNTY, denial of promotions and, ultimately, the termination of her employment and has also suffered embarrassment, humiliation and mental and emotional distress as a consequence of the defendants' actions for which defendant, WILLIAM LINDSAY is liable to plaintiff.

56. Plaintiff, LINDA BURKHARDT demands costs and attorney's fees pursuant to 42. U.S.C. § 1988.

## AS AND FOR A THIRD CLAIM
## FOR WHICH RELIEF CAN BE GRANTED

57. Plaintiff, repeats and realleges the allegations contained in paragraphs "1" through

"56" above, as if fully set forth herein.

58. By engaging in the conduct described above, specifically, by constructively terminating Ms. BURKHARDT'S employment because of her political association and affiliation, defendant, WILLIAM LINDSAY was acting pursuant to his authority to set department-wide personnel policies concerning the terms and conditions of Ms. BURKHARDT'S employment, including the actual or apparent authority to terminate her employment.

59. The constructive termination of Ms. BURKHARDT'S employment, having been undertaken pursuant to the authority of defendant, WILLIAM LINDSAY more particularly described in the preceding paragraph, was pursuant to and in accordance with a "policy or custom" of defendant, COUNTY.

60. The constructive termination of Ms. BURKHARDT'S employment was in violation of rights secured to plaintiff, LINDA BURKHARDT by the First and Fourteenth Amendments to the United States Constitution.

61. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with the COUNTY, denial of promotions and, ultimately, the termination of her employment and has also suffered embarrassment, humiliation and mental and emotional distress as a consequence of the defendants' actions for which defendant, COUNTY is liable to plaintiff.

62. Plaintiff, LINDA BURKHARDT demands costs and attorney's fees pursuant to 42. U.S.C. § 1988.

## AS AND FOR A FOURTH CLAIM
## FOR WHICH RELIEF CAN BE GRANTED

63. Plaintiff, repeats and realleges the allegations contained in paragraphs "1" through

"62" above, as if fully set forth herein.

64. By constructively terminating plaintiff's employment in the manner specifically alleged above, defendants discriminated against Ms. BURKHARDT with respect to her compensation, terms, conditions or privileges of employment because of her age.

65. The action of the defendants in terminating plaintiff's employment caused the plaintiff to suffer adverse employment action.

66. The actions of the defendants in constructively terminating the plaintiff's employment, while arguably undertaken without direct reference to Ms. BURKHARDT's age, nonetheless constituted prohibited discrimination since reliance on these factors had a disparate impact on employees within the class protected by the ADEA, and thus demonstrate that the Ms. BURKHARDT suffered adverse action under circumstances giving rise to an inference of age based discrimination.

67. By engaging in the actions set forth in the preceding paragraphs, the defendants engaged in an unlawful employment practice as defined by 42 U.S.C. §623 (a) (1) for which they are liable to plaintiff.

68. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with the COUNTY, denial of promotions and, ultimately, the termination of her employment and has also suffered embarrassment, humiliation and mental and emotional distress as a consequence of the defendants' actions for which defendants are liable to plaintiff.

### AS AND FOR A FIFTH CLAIM
### FOR WHICH RELIEF CAN BE GRANTED

69. Plaintiff, repeats and realleges the allegations contained in paragraphs "1" through

"68" above, as if fully set forth herein.

70. By constructively terminating plaintiff's employment in the manner specifically alleged above, defendants discriminated against Ms. BURKHARDT with respect to her compensation, terms, conditions or privileges of employment because of her age.

71. The action of the defendants in terminating plaintiff's employment caused the plaintiff to suffer adverse employment action.

72. The action of the defendants in constructively terminating the plaintiff's employment constituted prohibited discrimination in that it resulted in the disparate treatment of plaintiff because of her age; on the basis of her eligibility for service retirement which, in turn, was contingent on plaintiff meeting an age-based eligibility requirement. These actions undertaken by defendants demonstrate that Ms. BURKHARDT suffered adverse action under circumstances giving rise to an inference of age based discrimination.

73. In the event that (1) plaintiff's political association with the Republican party played no role in defendants' decision to terminate her employment or (2) her constructive termination was not undertaken with reliance on age as a factor having a disparate impact on plaintiff's employment, then, alternatively, the constructive termination of plaintiff's employment was a result of defendants' intentional decision to terminate plaintiff's employment because of her age and but for defendants' discriminatory intent and consequential actions, plaintiff's employment would not have been constructively terminated.

74. By engaging in the actions set forth in the preceding paragraphs, the defendants engaged in an unlawful employment practice as defined by 42 U.S.C. §623 (a) (1) for which they are liable to plaintiff.

75. As a result of the foregoing, plaintiff has suffered injury and incurred damages

because of the denial of career opportunities arising from her employment with the COUNTY, denial of promotions and, ultimately, the termination of her employment and has also suffered embarrassment, humiliation and mental and emotional distress as a consequence of the defendants' actions for which defendants are liable to plaintiff.

<u>AS AND FOR A SIXTH CLAIM<br>FOR WHICH RELIEF CAN BE GRANTED</u>

76. Plaintiff, repeats and realleges the allegations contained in paragraphs "1" through "75" above, as if fully set forth herein.

77. By constructively terminating plaintiff's employment in the manner specifically alleged above, defendants knew or showed reckless disregard for the matter of whether their conduct was prohibited by the ADEA.

78. Defendants' constructive termination of plaintiff's employment was willful, entitling plaintiff, pursuant to 29 U.S.C. § 626 (b), to an award of liquidated damages in amount equal to the total amount of unpaid wages.

<u>AS AND FOR A SEVENTH CLAIM<br>FOR WHICH RELIEF CAN BE GRANTED</u>

79. Plaintiff, repeats and realleges the allegations contained in paragraphs "1" through "78" above, as if fully set forth herein.

80. By constructively terminating plaintiff's employment in the manner specifically alleged above, and violating plaintiff's right to be free from discrimination with respect to her compensation, terms, conditions or privileges of employment because of her age, and engaging in an unlawful employment practice as defined by 42 U.S.C. §623 (a) (1), defendant, WILLIAM LINDSAY while acting under color of state law, violated plaintiff's right to Equal Protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution for which he is

liable to plaintiff pursuant to 42 U.S.C. § 1983.

81. The actions of defendant, WILLIAM LINDSAY described above give rise to personal liability on his part since they violated clearly established constitutional rights of which a reasonable person would have known.

82. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with the COUNTY, denial of promotions and, ultimately, the termination of her employment and has also suffered embarrassment, humiliation and mental and emotional distress as a consequence of the defendants' actions for which defendant, WILLIAM LINDSAY is liable to plaintiff.

83. Plaintiff, LINDA BURKHARDT demands costs and attorney's fees pursuant to 42. U.S.C. § 1988.

**WHEREFORE**, plaintiff, on each of the above causes of actions set forth in this complaint, prays for the following:

That the defendants, jointly and severally, be permanently enjoined from discriminating against plaintiff in any manner prohibited by the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act.

That the defendants, jointly and severally, be ordered to hire plaintiff into a position identical to or substantially similar to the one she occupied prior to the termination of her employment, with full salary, seniority, and benefits, retroactive to the constructive termination of her employment.

That the defendants, jointly and severally, be ordered to compensate, reimburse and make whole the plaintiff for the entire benefits plaintiff would have received but for the discriminatory acts of the defendants, including but not limited to back pay, benefits, training,

promotions, front pay and seniority.

That the defendants, jointly and severally be ordered to pay to plaintiff compensatory damages for the pain, suffering, humiliation, and emotional and physical distress caused by defendants' unlawful treatment, in the amount of Five Million ($5,000,000.00) dollars.

That the defendants, jointly and severally be ordered to pay to plaintiff punitive damages in an amount deemed appropriate by the court, to punish defendant for its willful and malicious misconduct and as may be deemed by the court to be necessary to deter defendant from engaging in such misconduct in the future.

That the defendants, jointly and severally be ordered to pay to plaintiff, pursuant to 29 U.S.C. § 626 (b), liquidated damages in amount equal to the total amount of plaintiff's unpaid wages.

Such additional, equitable and legal relief as the court may deem just and proper.

The costs and expenses of this action; and

Reasonable attorneys as provided for by 42 U.S.C. § 1988.

Dated:  January 4, 2010
        Smithtown, New York

> Yours, etc.,
>
> By: _____
> Wayne J. Schaefer, as Member (WS 1129)
> Law Offices of Wayne J. Schaefer, LLC
> *Attorneys for Plaintiff, LINDA BURKHARDT*
> 199 East Main Street, Suite 4
> Smithtown, New York 11787
> (631) 382-4800

TO: CHRISTINE MALAFI
    Suffolk County Attorney
    H. Lee Dennison Building, 6th Floor
    *Attorneys for Defendant, WILLIAM*
      *LINDSAY and THE COUNTY of*
      *SUFFOLK*
    100 Veterans Memorial Highway
    Hauppauge, New York 11788
    (631) 853-4049